

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Washburn
County Auditor
Harris County
Houston, Texas

Dear Sir:

Opinion No. O-2976
Re: Should a vacancy result in
the office of judge of the
113th District Court, Har-
ris County, is the Commis-
sioners' Court authorized
to approve a claim for
salary for the period of
such vacancy for the official
shorthand reporter appointed
by the judge of said Court.

Your request for an opinion on the above matter
has been received and carefully considered.

Article 2321 of the Revised Civil Statutes of
Texas contains the following provisions:

"Each district and criminal district judge
shall appoint an official court reporter who
shall be a sworn officer of the court and shall
hold his office during the pleasure of the Court."

Article 2325 of said statutes provides that an
official court reporter shall receive certain fees for
making transcripts of evidence, and Article 2326 thereof
contains in part the following provision:

"The official shorthand reporter of each
judicial district in this State and the official
shorthand reporter of each county court, either
civil or criminal, in this State, shall receive

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. L. Washburn, Page 2

a salary of $2,100 per annum, in addition to
the compensation for transcript fees as
provided for in this Act. Such salary shall
be paid monthly by the Commissioners' Court
of the County, out of the general fund, of
the county on the certificate of the district
judge."

Article 2326e of said statutes provides that the
official shorthand reporter of each District Court in each
county having a population in excess of 290,000 shall
receive a salary of $3,600.00 per annum in addition to
the compensation for transcript fees.

Article 2324 of said statutes provides that the
official court reporter shall attend all sessions of the
Court, take shorthand notes of all testimony offered, to-
gether with all objections thereto, rulings and remarks
by the Court, preserve said notes and make transcript of
said evidence upon application therefor.

34 Texas Jurisprudence, Section 155, page 604
is as follows:

"The appointment of a deputy who is not
within the constitutional provisions, and which
is not for a particular duration of time, is
coextensive in duration with the tenure of the
officer appointing him, and, unless sooner re-
moved, he holds until the expiration of the
officer's term, and ceases to hold at that
time unless he is reappointed."

In the case of Trinkle vs. State, 127 S. W.
1060, the Court of Criminal Appeals of Texas, in passing
upon the validity of an indictment signed as foreman
by one C. A. Green who was alleged to have been a deputy
sheriff at the time the same was signed and returned,

held that said Green was not a deputy sheriff at said
time under the following facts, to-wit:  L. A. Hatch
testified that he was sheriff and appointed Green
deputy sheriff on November 24, 1906; that Green quali-
fied as such and had continued to act as such ever
since; that he, Latch, was reelected sheriff in Novem-
ber, 1908, but did not recommission Green as deputy,
and that Green has been acting under the original
appointment.  The Court of Criminal Appeals held
that Green's appointment as deputy sheriff ceased to
be effective at the end of the term of said Latch
as sheriff.

In the case of Findlay, et al vs. Calloway,
246 S. W. 681 the Court was dealing with the right of
a deputy public weigher to retain his office under
appointment of the public weigher after the public
weigher undertook to remove him and had appointed
another deputy.  The Court held that said appointment
was not for a particular duration of time, and, un-
less the commission of said deputy was revoked or
otherwise annulled, it was clear that he would con-
tinue coextensively in duration with the term of
office of the public weigher.

In the case of Terrell vs. Sparks, 135 S. W.
519 the Supreme Court of Texas was dealing with the
right of the then Attorney General of Texas to enter
into a contract with one John L. Terrell to perform
legal services for the State of Texas for a stated
compensation.  In holding that said employment was
legal, the Supreme Court made the following statement
which is applicable hereto, to-wit:

"Does the agreement between Terrell and
the Attorney General, Lightfoot, confer upon
Terrell the official character of Assistant
Attorney General?  If the effect of that

Honorable H. L. Washburn, Page 4

agreement was to constitute Terrell an
officer of the State, then his appointment
and continuance in office would depend upon
the continuance of the term of the Attorney
General, who appointed him, and his authority
terminated when the Attorney General qualified
for his succeeding term and Governor Campbell
went out of office by reason of the succession
of the present governor."

It is our opinion, therefore, that when Judge
Allen E. Hannay ceased to be Judge of the 113th District
Court the official court reporter theretofore appointed
by him as official court reporter for said District
Court also ceased to be such official court reporter.
We are not passing upon any right he may have to tran-
scribe evidence and collect fees therefor in cases re-
ported by him during the time Judge Hannay was upon
the bench of said Court as a District Judge. It is
our holding that the Commissioners' Court would not
be authorized to approve a claim for salary for the
period of any such vacancy for the official shorthand
reporter appointed by the Judge of said Court.

Trusting that this satisfactorily answers
your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Jas. W. Bassett*
          Jas. W. Bassett
            Assistant

APPROVEDAUG 29, 1942

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

JWB:MBR

